Matthew J. Matern (CA SBN 159798)
mmatern@maternlawgroup.com
Joshua D. Boxer (CA SBN 226712)
jboxer@maternlawgroup.com
**MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for plaintiff Blackstone Hamilton individually and on behalf of others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Blackstone Hamilton, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Tarek El Moussa, an individual; Christina Anstead, an individual; Real Estate Elevated, LLC, a Nevada limited liability company; Zurixx, LLC, a Utah limited liability company; and, DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. <br><br> CLASS ACTION COMPLAINT <br><br> 1. Negligent Violations Of The Telephone Consumer Protection Act, 47 U.S.C. § 227 Et Seq.; <br><br> 2. Willful Violations Of The Telephone Consumer Protection Act, 47 U.S.C. § 227 Et Seq. <br><br> DEMAND FOR TRIAL BY JURY |

Comes now Plaintiff Blackstone Hamilton ("Plaintiff"), on behalf of himself and all others similarly situated, and alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Tarek El Moussa, an individual, Christina Anstead, formerly known as Christina El Moussa, an individual, Real Estate Elevated, LLC, a Nevada limited liability company, and Zurixx, LLC, a Utah limited liability company ("Defendants"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. section 227 et seq., thereby invading Plaintiff's privacy.

## JURISDICTION AND VENUE

2. This is an action for damages in excess of $15,000 and injunctive relief, exclusive of interest, costs and attorneys' fees, arising from the defendants' violations of the TCPA. This Court has jurisdiction pursuant to 28 U.S.C. section 1331.

3. Jurisdiction is also found under 28 U.S.C. section 1332(d)(2) because Plaintiff is a resident of California and defendants Real Estate Elevated, LLC and Zurixx, LLC are residents of Nevada and Utah respectively. Plaintiff seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of the individual and company defendants. Plaintiff seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, jurisdiction and the

damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present and this Court has jurisdiction. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. section 1391(b) and 18 U.S.C. section 1441(a) because Defendants do business within the State of California and Plaintiff resides within this District.

4. This Court has personal jurisdiction over Defendants and venue is proper because (1) Defendants do business in this District, and (2) a substantial part of the events giving rise to Plaintiff's claims occurred in this District including the unwanted telephone calls that Defendants sent or caused to be sent to Plaintiff's cellular telephone using an automatic telephone dialing system without consent or an established business relationship, for the purposes of telephone solicitation.

## PARTIES

5. Plaintiff Blackstone Hamilton is, and at all times relevant hereto was, a resident of Ventura County, California.

6. Defendant Tarek El Moussa is an individual and, on information and belief, at all times relevant hereto is and was a resident of Orange County, California.

7. Defendant Christina Anstead, formerly known as Christina El Moussa, is an individual and, on information and belief, at all times relevant hereto is and was a resident of Orange County, California.

8. Defendant Real Estate Elevated, LLC is a Utah limited liability company with an address listed with the Utah Secretary of State as 10421 South Jordan Gateway, Ste 600 South Jordan, UT 84095. On information and belief, defendant Real Estate Elevated, LLC is also registered as a Nevada limited liability company with an address of 9550 S. Eastern Avenue, Suite 253, Las Vegas, Nevada, 89123.

9. Defendant Zurixx, LLC is a Utah limited liability company. On information and belief, defendant Zurixx, LLC's principal place of business is 2750 E. Cottonwood Parkway, #200, Cottonwood Heights, Utah 84121. On information and belief, Defendant Zurixx LLC's Chief Financial Officer, Matthew Magistro is registered in filings with the Nevada Secretary of State as a "Manager" of Real Estate Elevated, LLC, at the address 9550 S. Eastern Avenue, Suite 253, Las Vegas, Nevada, 89123.

6. Defendants Tarek El Moussa, Christina Anstead, Real Estate Elevated, LLC, Zurixx, LLC and DOES 1 through 50, and each of them (collectively "DEFENDANTS"), were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

10. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

///

///

# THE TCPA

11. The TCPA provides that:

(1) **Prohibitions.** --- It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

. . .

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call….

47 U.S.C. § 227(b)(1)(A)(iii).

12. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. 47 U.S.C. § 227(b)(1)(A)(iii). (b)(2). The FCC issued rulings and clarified that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided to the individual. See 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer — providing permission in writing — to authorize autodialed or prerecorded telemarketing calls….").

13. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone

calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

14. The FCC has "repeatedly acknowledged the existence of vicarious liability under the TCPA." See *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 878 (9th Cir. 2014) (citing *In re Joint Petition Filed by Dish Network, LCC*, 28 FCC. Rcd. 6574, 6574 (2013)). Principles of apparent authority and ratification may also provide a basis for vicarious seller liability for violations of section 227(b). See *Thomas v. Taco Bell Corp.*, 582 F. App'x 678 (9th Cir. 2014) (citing 28 F.C.C. Rcd. at 6590 n. 124). A ratification occurs when the benefits of the purportedly unauthorized acts are accepted with full knowledge of the facts under circumstances demonstrating the intent to adopt the unauthorized arrangement. *Stalley v. Transitional Hosps. Corp. of Tampa, Inc.*, 44 So. 3d 627, 631 (Fla. 2d DCA 2010).

15. The TCPA allows a party to sue to recover its "actual monetary loss" or "to receive $500 in damages" per violation. 47 U.S.C. § 227(b)(3)(B). A party may also sue to enjoin violations of the statute. 47 U.S.C. § 227(b)(3)(A), (C). If the plaintiff establishes that the violations were willing or knowing, the plaintiff is entitled to treble damages. 47 U.S.C. § 227(b)(3).

16. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute. See FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

17. Defendants, through their agents, representatives and/or employees acting within the scope of their authority, acted willfully and therefore intentionally violated the TCPA, 47 U.S.C section 227 (b)(1)(A)(iii). Pursuant to the FCC's interpretation regarding willfulness, "willful or knowing" requires merely that the violator knew that he was doing the act in question. A violator need not know that their action or inaction constitutes a violation.

18. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227. See also *Mims v. Arrow Fin. Servs., L.L.C.*, 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012) ("The Act bans certain practices invasive of privacy").

19. In sum, Defendants made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

20. Defendants' phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy." Defendants' phone calls also harmed Plaintiff by (1) trespassing upon and interfering with Plaintiff's rights and interests in access to his cellular telephone; (2) trespassing upon and interfering with Plaintiff's rights and interests in access to his cellular telephone line; (3) intruding upon Plaintiff's seclusion; (4) wasting Plaintiff's time; (5) depleting the battery life on Plaintiff's cellular telephone; (6) using memory storage space in Plaintiff's

cellular telephone; and (7) causing Plaintiff aggravation, indignation, unwarranted stress and loss of enjoyment of life.

## FACTUAL ALLEGATIONS

21. Plaintiff has a telephone number that is assigned to a cellular telephone service to which Plaintiff is a subscriber and customer. That number has been listed on the national Do-Not-Call registry ("DNC") since on or about June 4, 2004.

22. On or about April 19, 2019, Plaintiff received an unsolicited call from a number belonging to DEFENDANTS. Specifically, Plaintiff received a call from (209) 207-0869 from an individual identifying himself as "Cody" from "Real Estate Elevated Events." On information and belief, the (209) 207-0869 number was "spoofed." Spoofing is the practice whereby a caller deliberately falsifies the information transmitted to the recipient's caller ID display to disguise the caller's identity. On information and belief, the (209) 207-0869 number was spoofed to falsely indicate that the call originated from Tracy, California when in fact Cody was actually calling from Utah.

23. On information and belief, DEFENDANTS provide goods and services purporting to be real estate investment and education programs and systems using the name Real Estate Elevated Events, including through their website: https://www.REelevatedEvents.com. The purpose of the unsolicited telemarketing call was to convince Plaintiff and other consumers like Plaintiff to sign up for, purchase and invest in DEFENDANTS' goods and services.

24. During this call, Plaintiff was directed to that website, https://www.REelevatedEvents.com. Plaintiff later received an email from Defendant Tarek El Moussa using the email address

tarek@reelevatedevents.com and which email contained the address 9550 S. Eastern Avenue, Ste. 253, Las Vegas, Nevada 89123.

25. On information and belief, when DEFENDANTS made these calls, they used equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and/or a predictive dialer, with the capacity to dial such numbers.

26. The call to Plaintiff identified above was initiated by DEFENDANTS for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services and, therefore, each was a "telephone solicitation" as defined in 47 U.S.C. section 227(a)(3).

27. At no time did Plaintiff provide prior express permission for anyone to call his wireless number including by using equipment that has the capacity to store or produce random or sequential telephone numbers and / or with the use of a predictive dialer.

28. DEFENDANTS never had an established business relationship with Plaintiff at any time prior to April 19, 2019.

29. DEFENDANTS' call was not for emergency purposes as defined by 47 U.S.C. section 227(b)(1)(A).

30. DEFENDANTS' call was placed to the telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. section 227(b)(1).

31. DEFENDANTS never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. section 227(b)(1)(A).

32. Plaintiff seeks damages for any and all calls that Defendants made to Plaintiff's telephone number in violation of the TCPA and the rules,

regulations and orders promulgated by the FCC, including but not limited to damages for any calls that DEFENDANTS made which Plaintiff is unaware of, for Defendants' failure to properly scrub the national DNC as required by the FCC, failure to properly maintain and update its company specific DNC call list, failure to train and monitor its employees about the existence of both the national and state required lists and to enforce the requirement that DNC requests be recorded, failure to stop all calls to the subscriber made within 10 years of consumer request to place his number on company DNC, failure to employ a version of the national Do-Not-Call registry obtained from the Commission no more than thirty- one (31) days prior to the date any call is made, and to maintain records documenting this process, failure to sufficiently identify individual telemarketer name, his or her employer caller and business entity on whose behalf the calls were being made.

## CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class defined as follows:

> The TCPA Class: All persons within the United States who, within the four years prior to the filing of this complaint, received a telephone call from Defendants to said persons' cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such persons had not previously consented to receiving such calls.

34. This action is appropriately suited for class treatment because:

a. Each potential class is composed of a significant number of class members and joinder of all affected recipients of these unlawful calls individually would be impracticable.

b. This action involves common questions of law and fact in each of the potential classes because the action focuses on Defendants' illegal practices which were applied to all recipients of these calls.

c. Plaintiff's claims are typical of the class members' claims because Defendants subjected all call recipients to the same violations of the TCPA.

d. Plaintiff does not have any interests adverse to the interests of the members of the class and will fairly and adequately protect the interests of all members of the class. Plaintiff is interested in pursuing his claim vigorously and has retained counsel competent and experienced in class and complex litigation.

e. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are, on information and belief, thousands of members of the putative classes, such that joinder of all members is impracticable.

f. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

g. Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the

putative classes, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

h. The identities of the members of the class are, on information and belief, readily identifiable from the records of Defendants and/or any affiliated marketers.

35. Common questions of fact and law exist as to all members of the classes which predominate over any questions affecting only individual members. These common legal and factual questions, which do not vary between members of the class, and which may be determined without reference to the individual circumstances of any members of the classes, include, but are not limited to, the following:

a. Whether Defendants used an "automatic telephone dialing system" as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

b. Whether, within the four years prior to the filing of this Complaint, Defendants made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a member of the class using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

c. Damages, including whether Plaintiff and members of the class were damaged thereby, and the extent of damages for such violations, and whether Defendants' violations were performed willfully or knowingly such that Plaintiff and the members of the class are entitled to trebled damages.

d. Whether Defendants should be enjoined from engaging in such conduct in the future.

## FIRST CAUSE OF ACTION

## Negligent Violations of the Telephone Consumer Protection Act

## 47 U.S.C. § 227 et seq.

## (Against all DEFENDANTS and DOES 1-50)

36. Plaintiff repeats and incorporates by reference into this cause of action the factual allegations set forth above.

37. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. section 227 et seq.

38. As a result of Defendants' negligent violations of 47 U.S.C. section 227 et seq., Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B).

39. Plaintiff and the class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act

## 47 U.S.C. § 227 et seq.

## (Against all DEFENDANTS and DOES 1-50)

40. Plaintiff repeats and incorporates by reference into this cause of action the factual allegations set forth above.

41. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA,

including but not limited to each and every one of the above cited provisions of 47 U.S.C. section 227 et seq.

42. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. section 227 et seq., Plaintiff and the Class Members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(C).

43. Plaintiff and The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

44. WHEREFORE, Plaintiff, individually, and on behalf of all other persons similarly situated, respectfully prays for relief against all Defendants and DOES 1 through 50, inclusive, and each of them, as follows:

   a. As a result of Defendants' negligent violations of 47 U.S.C. section 227(b)(1), Plaintiff and The Class are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B); and any and all other relief that the Court deems just and proper;

   b. As a result of Defendants' willful and/or knowing violations of 47 U.S.C. section 227(b)(1), Plaintiff and The Class are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C);

   c. Plaintiff is entitled to injunctive relief prohibiting all Defendants from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. section 227(b)(3)(a), and,

   d. Any and all other relief that the Court deems just and proper.

///

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of each and every claim so triable.

DATED: September 20, 2019	Respectfully Submitted,

**MATERN LAW GROUP, PC**

By: _____
MATTHEW J. MATERN
JOSHUA D. BOXER
Attorneys for Plaintiff, individually and on behalf of others similarly situated